**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Case No. 26-cv-______

Plaintiff,

v.

$424,762.51 seized from Think Mutual Bank Account No. 7450000590146, held in the name of Santana LLC,

Defendant.

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The plaintiff, United States of America, through its attorneys Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, in a civil cause of action for forfeiture, alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America $424,762.51 seized from Think Mutual Bank Account No. 7450000590146, held in the name of Santana LLC, pursuant to 18 U.S.C. §§ 981(a)(1)(A), because the funds were involved in a violation of 18 U.S.C. § 1956 or are traceable to property involved in such a violation.

2. As set forth below, the funds were seized from an account controlled by a defendant who has pled guilty in the related criminal case, *United States v. Bock, et al,* Crim. No. 22-223 (NEB/DTS). That defendant, Asad Mohamed Abshir ("Abshir"),

controlled Santana LLC and was listed as its registered agent for Santana with the Minnesota Secretary of State. Abshir and his company, Santana LLC, have consented to the forfeiture of this property. This civil case is the appropriate judicial mechanism to complete its forfeiture.

**THE DEFENDANT *IN REM***

3. The defendant *in rem* is $424,762.51 seized from Think Mutual Bank Account No. 7450000590146, held in the name of Santana LLC on January 19, 2022 ("the Defendant Funds"). The Defendant Funds are in the custody of the United States Marshals Service.

**JURISDICTION AND VENUE**

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Funds. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the Defendant Funds under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the Plaintiff requests that the Clerk of Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the Defendant Funds pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in this

District, and pursuant to 28 U.S.C. § 1395 because the Defendant Funds are located in this District.

## FACTS

### I. Overview

7. The U.S. Department of Agriculture ("USDA") operates programs that provide federal funding for nutrition programs for children and low-income individuals across the nation. The Federal Child Nutrition Program ("FCNP") is one such program.

8. The FCNP is designed to ensure that low-income children continue to receive nutritious meals when school is not in session and to provide reimbursements for nutritious meals and snacks to eligible children who are enrolled for care at participating childcare centers.

9. FCNP funds are required to be used to provide nutritious meals and food to children and low-income individuals. *See* 7 C.F.R. § 225.15(a)(4) ("All Program reimbursement funds must be used solely for the conduct of the nonprofit food service operation").

10. Historically, the FCNP functioned through the provision of meals to children involved in educational-based programs or activities. During the Covid-19 pandemic, however, the USDA waived some of the standard requirements for participation in the FCNP. Among other things, USDA allowed for-profit restaurants to participate in the program. It also allowed off-site food distribution to children outside of an educational program.

11. In Minnesota, the Minnesota Department of Education oversees the FCNP. The Minnesota Department of Education's stay-at-home order and telework policies during the Covid-19 pandemic interfered with its ability to oversee the FCNP, which left the FCNP vulnerable to fraud and abuse.

12. Beginning in or about 2021, the FBI and IRS began to investigate a multi-million-dollar conspiracy in which multiple individuals were fraudulently obtaining and misappropriated FCNP funds.

**II. The Fraud and Money Laundering Conspiracies**

13. The participants in these conspiracies would falsely claim that they were entitled to reimbursement from the FCNP for meals and snacks that were supposedly served to children. To support their claims to reimbursement, the participants in these conspiracies would generate false attendance rosters that listed names of children who the conspirators claimed to have served meals or snacks. These false attendance rosters were transmitted through the mail or electronically and the conspirators received FCNP funds based upon their false claims, which violates Title 18, United States Code, Section 1343 (wire fraud).

14. The participants in these conspiracies would then transfer the proceeds of their fraud into various bank accounts that they owned and controlled, either directly or through corporate entities they controlled.

15. The funds were then transferred between corporate accounts to create the appearance of legitimate business activity. After they had been passed through those accounts, proceeds were often transferred into the accounts of the participants in the

conspiracy. Only minimal amounts of food were purchased, and those amounts were insignificant compared to the amount claimed.

16. The Defendant Funds were traced to the fraud and money laundering conspiracy scheme.

17. The Defendant Funds were held in a checking account held in the name of Santana LLC. Minnesota Secretary of State records show that this limited liability company was created on January 11, 2021, and that Abshir was its registered agent at all relevant times.

**III. Asad Mohamed Abshir's Criminal Case**

18. On January 14, 2022, Magistrate Judge Tony N. Leung signed a seizure warrant relating to the Feeding Our Future investigation which authorized the seizure of the Defendant Funds.

19. On September 13, 2022, Abshir was charged by a federal Indictment in the District of Minnesota (22-cr-223 (NEB/DTS), ECF No. 1) with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 371 and 1343; Wire Fraud in violation of 18 U.S.C. § 1343; Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and Money Laundering, in violation of 18 U.S.C. § 1957.

20. On July 22, 2025, the United States and Abshir entered into a Plea Agreement to resolve Abshir's criminal case. 22-cr-223 (NEB/DTS), ECF No. 738. Abshir agreed to plead guilty to Count 61 of the Indictment, which charged him with money laundering, in violation of Title 18, United States Code, Section 1957.

21. Abshir admitted, among other things, that he "used Santana LLC as a shell company to receive payments from his brother. In 2021 [Abshir] received more than $750,000 in [FCNP] funds into the Santana LLC bank account." *Id*. at 2-3.

22. Abshir agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1957, and any property, real or personal, involved in the Conspiracy to Commitment Money Laundering alleged in Count 41 of the Indictment and all property traceable to such property, including, but not limited to, the Defendant Funds. Abshir agreed that the United States may, at its option, forfeit the Defendant Funds through civil, criminal, or administrative proceedings.

23. Count 61 of the Indictment charged Abshir with engaging in a monetary transaction in violation of 18 U.S.C. § 1957. The specific transaction charged in that Count concerned the purchase of a 2022 GMC pickup truck.

24. Although Abshir agreed to forfeit all property involved in in the Conspiracy to Commitment Money Laundering alleged in Count 41 of the Indictment and all property traceable to such property, including the Defendant Funds, the United States may not complete the forfeiture of the Defendant Funds through the Criminal case against Abshir because it was not involved in or traceable to Count 61.

25. Because Abshir has agreed that the United States may forfeit the Defendant Funds through civil proceedings and agreed that the forfeiture section of his Plea Agreement binds any entity he owns or controls, the United States now brings

this civil forfeiture action to complete the forfeiture of the Defendant Funds, consistent with Abshir's Plea Agreement.

**BASIS FOR FORFEITURE**

26. Pursuant to 18 U.S.C. § 981(a)(1)(A), the United States is authorized to forfeit "any property, real or personal, involved in a transaction . . . in violation of section 1956 … of this title, or any property traceable to such property."

27. A violation of 18 U.S.C. § 1956 occurs when a person conducts or attempts to conduct a financial transaction knowing that it involves the proceeds of a specified unlawful activity when the transaction is designed in whole or part "to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of the specified unlawful activity; or . . . to avoid a transaction reporting requirement under State or Federal law."

28. Wire fraud and mail fraud are specified unlawful activities pursuant to 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1).

29. As Abshir has admitted, the Defendant Funds are subject to forfeiture because it was involved in the Conspiracy to Commit Money Laundering or is traceable to such property.

30. The Defendant Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because they were involved in, or are traceable to property involved in, a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956.

## CLAIM FOR RELIEF

31. The United States requests that the Court issue a warrant for the arrest and seizure of the Defendant Funds, notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant Funds, that the Defendant Funds be forfeited and condemned to the United States of America, that the United States be awarded its costs and disbursements in this action, and for such other and further relief as this Court deems proper and just.

Dated: 9/25/2026

DANIEL N. ROSEN
United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600
craig.baune@usdoj.gov

**VERIFICATION**

I, Travis Wilmer, verify and declare under penalty of perjury as follows:

I am and have been a Special Agent for the Federal Bureau of Investigation ("FBI") since November 2021. I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and the matters contained in the Verified Complaint are true to my own knowledge, except that those matters not within my knowledge are alleged on information and belief, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information provided to me by other law enforcement agencies and officers, and information I have learned by reviewing reports prepared by other law enforcement agencies and officers, as well as my investigation of this case, together with others, as an FBI Special Agent.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/25/2026

*s/Travis Wilmer*
Travis Wilmer
FBI Special Agent